UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALYSSA M. GUINDON,

        Plaintiff,

-vs-

WILLIAM M. DEBROUX and
J.B. HUNT TRANSPORT, INC.,
a foreign profit corporation,

        Defendants.

Case No.
Hon.
State Court Case No. 19-24184-NI
Delta County Circuit Court

---

| BRAY CAMERON LARRABEE & CLARK PC | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| Jessica A. Bray (P58972) | Dirk H. Beckwith (P35609) |
| Attorneys for Alyssa M. Guindon | Attorneys for Defendants |
| 225 Ludington Street | 28411 Northwestern Highway, Suite 500 |
| Escanaba Michigan 49829 | Southfield, Michigan 48034 |
| 906.786.3902 | 248.539.9918 |
| bray@uppermichiganlaw.com | dbeckwith@fosterswift.com |

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendants, William M. DeBroux and J. B. Hunt Transport, Inc., hereby remove this action from the 47th Circuit Court (Delta County), State of Michigan, where it is currently pending, to the United States District Court for the Western District of Michigan, Northern Division.

In support of its Notice of Removal, Defendants state:

**PROCEDURAL STATUS OF THE CASE**

1.      On or about April 23, 2019, Alyssa M. Guindon ("Guindon") commenced this action by filing a Complaint in the 47th Circuit Court, Delta County, Michigan. The lawsuit was assigned case number 19-24184-NI.

2. The 47th Circuit Court, Delta County, Michigan, issued its summons on April 23, 2019.

3. In Guindon's Complaint, a copy of which is attached as part of Exhibit B, Guindon alleges she sustained personal injuries on September 21, 2018, when a vehicle in which she was a passenger collided with a tractor-trailer driven by William M. DeBroux and owned by J. B. Hunt Transport.

4. The stated amount in controversy, exclusive of interest and costs, was in excess of $25,000.00.

5. On May 10, 2019, Defendants served a set of discovery requests upon Guindon's attorney seeking to ascertain whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The relevant discovery requests and Guindon's answers are as follows:

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

**ANSWER:** Plaintiff believes damages could be in excess of $75,000.00 After examination and investigation into the facts and circumstances of the accident and the treatment and the injuries to the plaintiff, the best estimate is that the damages are in excess of $75,000.00, and the lost is ongoing.

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

**ANSWER:** Plaintiff believes damages could be in excess of $75,000.00. After examination and investigation into the facts and circumstances of the accident and the treatment and the injuries to the plaintiff, the best estimate is that the damages are in excess of $75,000.00, and the lost is ongoing.

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

**ANSWER:** Damages include, but are not limited to, skull fractures with a head injury requiring treatment by multiple sources and extensive recovery with permanent damages including hearing loss.

### Interrogatory No. 4

Was Plaintiff hospitalized as a result of the incident that occurred on September 20 or 21, 2018? If so, where was Plaintiff hospitalized and for how many days was Plaintiff in the hospital?

**ANSWER:** Yes. See attached CD of medical records but Plaintiff was hospitalized for about 2 days.

### Interrogatory No. 5

Did Plaintiff undergo any surgical procedures as a result of the incident that occurred on September 20 or 21, 2018? If so, describe the surgical procedures Plaintiff underwent.

**ANSWER:** No.

### Interrogatory No. 6

Did Plaintiff seek any medical treatment as a result of the incident that occurred on September 20 or 21, 2018? If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

**ANSWER:** Yes. Medical expenses are unknown as they were and are being paid by the no-fault carrier. A release for that information will be signed if requested.

### Interrogatory No. 7

Did Plaintiff miss any work as a result of the incident that occurred on September 20 or 21, 2018? If so, what is the total amount of Plaintiff's alleged lost wages incurred to date and when did Plaintiff return to work?

**ANSWER:** Yes. Plaintiff was completely off of work until Mid-November, 2018. Plaintiff then went back to work part time until being released back to work full time on January 2, 2019.

### Request to Admit No. 1.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

**ANSWER:** Plaintiff admits that she sustained damages that could be in excess of $75,000.00. After examination and investigation into the facts and circumstances of the accident and the treatment and the injuries to the plaintiff, the best estimate is that the damages are in excess of $75,000.00, and the loss is ongoing.

### Request to Admit No. 2.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

**ANSWER:** Plaintiff denies that the damages are less than $75,000.00. After examination and investigation into the facts and circumstances of the accident and the treatment and the injuries to the plaintiff, the best estimate is that the damages are in excess of $75,000.00, and the loss is ongoing.

A copy of Guindon's answers to the discovery requests are attached as Exhibit A.

6. In the discovery requests, Guindon was asked to describe the nature and extent of Plaintiff's alleged injuries. Plaintiff responded by stating her damages include, but are not limited to, skull fractures with a head injury requiring treatment by multiple sources and extensive discovery with permanent damages including hearing loss.

7. Guindon's answers to these discovery requests were served upon Defendants' attorney on May 24, 2019.

8. 28 U.S.C. § 1446(b)(3) provides as follows:

> (3) Except as provided in subsection (c) if the case stated by the initial pleading is not removable a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper from which it may first be ascertained that the case is one which is or has become removable.** (Emphasis added.)

## PROPRIETY OF REMOVAL

9. This Notice of Removal is timely because it is filed within 30 days after Defendants' receipt of a paper (in this case discovery responses) from which Defendants could ascertain that this case is one which is removable based upon the parties' diversity of citizenship and the requisite amount in controversy.

10. This matter is properly removable under 28 U.S.C. § 1441(b).

11. This Court has original jurisdiction of this action pursuant to 28 USC § 1332. Guindon is a citizen and resident of Delta County, Michigan. (Guindon's Complaint, ¶ 1). J B Hunt Transport, Inc. is a foreign corporation. (Guindon's Complaint, ¶ 12). J. B. Hunt is incorporated in the State of Georgia with its principal place of business located in Lowell, Arkansas. (Affidavit of Darren Mulford, Exhibit B). William M. DeBroux is a citizen and resident of Brown County, Wisconsin. (Guindon's Complaint, ¶ 2). Hence, Plaintiff is a citizen of the state of Michigan and Defendants are citizens of foreign states. Therefore, there is diversity of citizenship. Plaintiff claims and is seeking damages, exclusive of interest or costs, in excess of $75,000.00. See Guindon's answers to Defendants' discovery requests attached as Exhibit A. Therefore, the amount in controversy exceeds the required jurisdictional amount.

12  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached hereto as Exhibit C copies of all process, pleadings and orders served upon Defendants in this matter.

13. Pursuant to 28 U.S.C. § 1446(a) and (d), Defendants will file a copy of this Notice of Removal with the 47th Circuit Court, Delta County, Michigan; will provide prompt notice to all parties; and will file a proof of service of all notices and filings with the Clerk of the United States District Court for the Western District of Michigan.

14. This action is removable to this Court pursuant to U.S.C. §§ 1441 and 1446 because it is within this Court's diversity jurisdiction.

## REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

15. If Guindon's contests this removal, Defendants request:

    A. A hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter.

    B. The opportunity to present evidence demonstrating the existence of diversity jurisdiction and the propriety of removal; and

    C. Leave to conduct limited discovery related to those issues.

WHEREFORE, Defendants remove the above captioned action from the 47th Circuit Court, Delta County, Michigan, to the United States District Court for the Western District of Michigan.

FOSTER SWIFT COLLINS & SMITH PC

By: *[signature]*
Dirk H. Beckwith (P35609)
Attorneys for Defendants
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918

Dated: June 4, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on June 5, 2019, a copy of the foregoing was served upon the following:

Jessica A. Bray  
Bray, Cameron, Larrabee & Clark, P.C.  
225 Ludington Street  
Escanaba, Michigan 49829

Clerk, Delta County Circuit Court  
310 Ludington Street  
Escanaba, Michigan 49829

by first class mail by placing same in an envelope with first class postage prepaid thereon.

By: _____  
Rekela L. Wilson, Legal Secretary